UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS CALDERON,

Plaintiff,

v.

JUAN CHAVEZ, et al.,

Defendants.

No.  2:26-cv-00611 SCR P

ORDER and

FINDINGS & RECOMMENDATIONS

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  This proceeding was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**IN FORMA PAUPERIS**

Plaintiff initiated the action by filing a complaint on February 26, 2026.  ECF No. 1.  He also sought leave to proceed in forma pauperis.  ECF No. 2.  The in forma pauperis statute provides that:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  A review of court records shows that plaintiff has been determined a "three-

1

strikes litigant" pursuant to this provision.  Calderon v. Covello, No. 2:24-cv-1309 CKD P, 2024 WL 4462335 (E.D. Cal. Sept. 4, 2024), report and recommendation adopted, No. 2:24-cv-1309 DJC CKD P, 2024 WL 4574119 (E.D. Cal. Oct. 24, 2024).  Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The "imminent danger" exception applies at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (emphasizing that "it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)").  A prisoner's complaint can demonstrate "imminent danger" by alleging "an ongoing danger."  Id. at 1056–57 (holding that "a prisoner who alleges that prison officials continue[d] with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard"); see also Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015) ("[A] prisoner subject to the three-strikes provision may meet the imminent danger exception and proceed in forma pauperis on appeal if he alleges an ongoing danger at the time the notice of appeal is filed.").

Plaintiff's prolific, 67-page complaint names as defendants multiple Mule Creek State Prison ("MCSP") employees whom plaintiff alleges set him up to be sexually and physically abused by other violent inmates throughout 2022-2025.  ECF No. 1 at 6-12.  Although these allegations are serious, they do not constitute "imminent dangers" under Andrews because petitioner was incarcerated at a different state prison, the R.J. Donovan Correction Facility, at the time he filed the complaint.  Id. at 1; see also Docket.  Further, upon close review, many of the factual allegations are fantastical.  For example, plaintiff alleges that defendants used "chemicals or toxic substances" on his belongings and through the air system to control his judgement.[1]  ECF No. 1 at 5, ¶ 5.

---

[1]  In an abundance of caution, the undersigned also reviewed the "Memorandum of Law" attached to the complaint that references 28 U.S.C. § 1915(g).  ECF No. 1 at 39-62.  The memorandum also does not identify a threat of imminent danger present at the time plaintiff filed this action, instead describing various incidents between 2021 and 2025 and citing various court decisions regarding the Eighth Amendment deliberate indifference doctrine.  See id. at 42-46.

Accordingly, in light of plaintiff's prior strikes and the lack of alleged imminent danger at the time this complaint was filed, the undersigned recommends requiring plaintiff to pay the entire filing fee within a period of 30 days or face dismissal of the present action.

**MOTION TO APPOINT COUNSEL**

Plaintiff also filed a motion for the appointment of counsel under 28 U.S.C. § 1915.  ECF No. 3.  Plaintiff states that he has multiple pending civil rights lawsuits and petitions for writ of habeas corpus, but courts and judges have denied relief based on procedural issues and court rules (presumably a reference to plaintiff's status as a "three-strikes litigant).  Id. at 1.  Plaintiff states that he has "mental/learning/language" disabilities, a lack of experience in litigation, ill health, and inadequate access to the law library, and alludes to difficulties he has faced litigating one of his civil rights cases pending in this judicial district, Calderon v. Covello et al., Case No. 2:23-cv-2049 WBS CSK (E.D. Cal.).  Id.

District courts lack authority under 28 U.S.C. § 1915 to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request that an attorney voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Wood, 900 F.2d at 1335; Riley v. Franke, 340 F. Supp. 3d 783, 787 (E.D. Wis. 2018).

Beyond § 1915(e)(1), other sources of law may implicate a request for counsel.  For example, appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled.  See Franco-Gonzalez v. Holder, No. 10-cv-02211 DMG (DTBx), 2013 WL 3674492, at *3-*9 (C.D. Cal. Apr. 23, 2013) (granting summary judgment to class of

3

mentally disabled individuals in civil immigration proceedings on their request for appointed representatives under the Rehabilitation Act).  Due process may also require appointment of counsel in certain proceedings. See Turner v. Rogers, 564 U.S. 431, 444-45 (2011) (analyzing request for appointment of counsel in civil proceeding under the Mathews v. Eldridge, 424 U.S. 319 (1976), procedural due process framework).

Plaintiff has not demonstrated any exceptional circumstances warranting appointment of counsel in this particular action.[2]  His lack of legal education and limited law library access is a barrier common to most incarcerated persons and do not establish exceptional circumstances here. Plaintiff briefly references that he has disabilities and a medical illness that the undersigned finds could impact the analysis here, but plaintiff does not provide any additional factual details.  The undersigned will deny the motion without prejudice, meaning that plaintiff can refile at a later time after he has paid the required filing fee for this action.

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED without prejudice; and

2.      The Clerk of the Court is directed to randomly assign a District Judge to this matter.

In addition, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's motion to proceed in forma pauperis be denied; and

2.      Plaintiff be ordered to pay the entire $405.00 in filing fees within thirty days of any order adopting these findings and recommendations or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

---

[2]  It appears to the undersigned, based on the incorrect caption (ECF No. 3 at 1) and the fact the motion is addressed to the Ninth Circuit Court of Appeals (id. at 2), that plaintiff reused the motion from another action.  While this will not prevent the undersigned from resolving the motion on its merits, it is evidence that plaintiff has not attempted to demonstrate exceptional circumstances warranting the appointment of counsel that are specific to this particular action.

4

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 19, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5